**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride (SBN 297557)
ryan@kazlg.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Mark J. Green (SBN 361513)
mark@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Shakiralee Ortiz

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**SHAKIRALEE ORTIZ,**

Plaintiff,

vs.

**BOUNCE AI, INC.**

Defendant.

**Case No.:**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.***

**JURY TRIAL DEMANDED**

///
///
///



KAZEROUNI LAW GROUP, APC

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
2. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.
3. SHAKIRALEE ORTIZ, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of BOUNCE AI, INC. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt alleged to be owed by Plaintiff, conduct which caused Plaintiff damages.
4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to Plaintiff, which Plaintiff alleges based on personal knowledge.
5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.
6. All the conduct engaged in by Defendant took place in Riverside County, State of California.
7. Unless otherwise stated, Plaintiff alleges any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.
8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of

KAZEROUNI LAW GROUP, APC

Defendant.

## JURISDICTION AND VENUE

9. This action arises out of Defendant's violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.
10. This Court has federal question subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, as Plaintiff alleges violations of a federal statute, the FDCPA.
11. The Court has personal jurisdiction over Defendant because Defendant conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.
12. Personal jurisdiction and venue are proper in the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein arose within this District; and (2) Defendant conducts significant business in this District.
13. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391 because:
    a. Defendant is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this District;
    b. Defendant does substantial business within this District;
    c. Defendant is subject to personal jurisdiction in this judicial district because Defendant has availed themselves of the laws and markets within this District; and,
    d. the harm to Plaintiff occurred within this District.

## PARTIES

14. Plaintiff is, and at all times relevant herein was, a natural person who resides in Lake Elsinore, Riverside County, State of California.
15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

KAZEROUNI LAW GROUP, APC

16. Plaintiff is a natural person allegedly obligated to pay a debt and is, hence, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendant is a stock corporation formed under the laws of the State of Delaware with principal place of business in Rochester, New York. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

18. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

19. Prior to June 24, 2025, Plaintiff is alleged to have incurred certain financial obligations related to a personal loan.

20. These financial obligations were primarily for personal, family, or household purposes and were therefore "consumer debt[s]" as that term is defined by Cal. Civ. Code § 1788.2(f).

21. Prior to June 24, 2025, Plaintiff obtained a personal loan from Upgrade, Inc. (the "Debt"). The Debt was assigned an account number of 188992889.

22. On or about June 24, 2025, on information and belief, Upgrade, Inc. sold the Debt to Defendant.

23. On or about June 25, 2025, Defendant sent an email to Plaintiff notifying her of its purchase of the debt and that it was beginning collection efforts.

24. On or about September 16, 2025, Plaintiff was contacted by her former stepfather, Roberto Salas.

25. During the September 16 conversation, Mr. Salas informed Plaintiff that, on or about September 10, 2025, Defendant sent three text messages to Mr. Salas's cell phone 817-333-7777 attempting to collect on the debt. The content of the messages Defendant sent to Mr. Salas were as follows:

KAZEROUNI LAW GROUP, APC

a. Message No. 1: "Bounce AI - Debt Collector: Avoid a credit report listing on your debt. See settlement & T&Cs"

b. Message No. 2: "Bounce AI - Debt Collector: Avoid a credit report listing on your $2252.81 debt. View settlement & T&Cs"

c. Message No. 3: "Bounce AI - Debt Collector: Shakiralee, avoid a credit report entry for your $2252.81 debt. See options & T&Cs"

26. In sending the above-described messages, Defendant revealed Plaintiff's personal information to a third-party, including Plaintiff's name, the balance of Plaintiff's debt, the fact of Defendant's collection efforts, and the potential of credit reporting.

27. Plaintiff's mother and Mr. Salas divorced in 2015. Plaintiff has not had routine contact with Mr. Salas since his divorce from Plaintiff's mother.

28. Plaintiff did not give Defendant prior consent to contact Mr. Salas. Mr. Salas played no role in Plaintiff's acquisition of the Debt and Plaintiff did not give Mr. Salas's phone number to Defendant.

29. On information and belief, Defendant did not obtain the express permission of a court of competent jurisdiction to contact Mr. Salas, nor was the contact necessary to effectuate a post-judgment judicial remedy.

30. By contacting Mr. Salas, a third-party and stranger to the Debt, without a statutorily authorized justification, Defendant violated 15 U.S.C. § 1692c(b).

31. As a result of Defendant's abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress, which was manifested by symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness impacting her job and personal relationships.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)



KAZEROUNI LAW GROUP, APC

**15 U.S.C. § 1692, ET SEQ.**

32. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

34. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any and all other relief the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

35. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: September 24, 2025

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ Ryan L. McBride, Esq.*
Ryan L. McBride, Esq.
*Attorney for Plaintiff*



KAZEROUNI LAW GROUP, APC